FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 25 2011 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHMUEL LOWENBEIN on behalf of himself
and all others similarly situated

       Plaintiff,

-against-

FIRST FINANCIAL ASSET MANAGEMENT, INC.

       Defendant.
-----------------------------------------------------------

CV 11 1489

TOWNES, J.

### CLASS ACTION COMPLAINT

#### Introduction

1. Plaintiff Shmuel Lowenbein seeks redress for the illegal practices of First Financial Asset Management, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

#### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, defendant is a Delaware corporation with a principal place of business located in Atlanta, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

1

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and telephonic contact was directed into this district.

### *Allegations Particular to Shmuel Lowenbein*

9. Upon information and belief, defendant left a series of telephonic message for the plaintiff.

10. Defendant specifically left messages for the plaintiff on November 11, 16 and twice on November 23, 2010.

11. The messages were left by three different collectors.

12. None of the messages state that the communication is concerning the collection of a debt.

13. Two female collectors even failed to state the name of the defendant in the message.

14. The pattern of calls demonstrates a willful disregard of the collector's obligations pursuant to 1692e(11).

15. In the alternative, if the defendant has attempted to introduce procedures to ensure that the collectors are in compliance, the procedures have been insufficient and do

not comply with the caselaw development of 1692k concerning the bona fide error defense.

16. Said messages are in violation of 15 U.S.C. §§ 1692e(11) and 1692e(10) for failing to indicate that the message was from a debt collector which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

17. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-16 as if set forth fully in this cause of action.

18. This cause of action is brought on behalf of plaintiff and the members of a class.

19. The class consists of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

20. The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages left for the plaintiff (b) the messages were left concerning the seeking payment of an alleged debt; and (c) that the messages contained violations of 15 U.S.C. §§ 1692e(10) and 1692e(11).

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

3

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

4

*Violations of the Fair Debt Collection Practices Act*

25. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act. Due to the pattern and consistency of the defendant's illegal collection activities, the defendant should be punished with the maximum statutory damages for the plaintiff and class.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 24, 2011

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)