UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHMUEL LOWENBEIN on behalf of himself
and all others similarly situated

               11 CV 1489 (SLT)

      Plaintiff,


    -against-


FIRST FINANCIAL ASSET MANAGEMENT, INC.

      Defendant.


--------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### Introduction

1. Shmuel Lowenbein seeks redress for the illegal practices of First Financial Assset

  Management, Inc. concerning the collection of debts, in violation of the Fair Debt

  Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") the Telephone

  Communications Privacy Act, 47 U.S.C. § 227.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in

  that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, First Financial Asset Management, Inc. is a Delaware

  corporation with its principal place of business located in Atlanta, Georgia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

  consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1331.  The Court has supplemental jurisdiction for the TCPA claim.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this district.

Venue is also proper in this district since the defendant transacts business in this district

and the collection letter was sent into this district.

### Allegations Particular to Shmuel Lowenbein

9.      Upon information and belief, defendant left a series of telephonic message for the

plaintiff.

10.     Defendant specifically left messages for the plaintiff on November 11, 16 and twice on

November 23, 2010.

11.     The messages were left by three different collectors.

12.     None of the messages state that the communication is concerning the collection of a

debt.

13.     Two female collectors even failed to state the name of the defendant in the message.

14.     Defendant caused plaintiff to incur charges for defendant's collection communications

when plaintiff had no reason to know the communication's purpose.

15.     Defendant was prohibited from placing a call that will cause a charge to plaintiff without

having notified plaintiff to expect it and without having announced its collection purpose.

-2-

16.     Defendant called plaintiff's wireless phone number and plaintiff was charged a toll on all those incoming calls.  Plaintiff was not alerted to the calls beforehand.

17.     The pattern of calls demonstrates a willful disregard of the collector's obligations pursuant to 1692e(11).

18.     In the alternative, if the defendant has attempted to introduce procedures to ensure that the collectors are in compliance, the procedures have been insufficient and do not comply with the caselaw development of 1692k concerning the bona fide error defense.

19.     Said messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e(11), 1692e(10) and 1692f for failing to indicate that the message was from a debt collector which constitutes a deceptive practice and for unlawfully causing the plaintiff to incur a cost for the calls.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

20.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-19 as if set forth fully in this cause of action.

21.     This cause of action is brought on behalf of plaintiff and the members of a class.

22.     The class consists of consumers who received a message from the defendant which did not set forth that the call was a communication from a debt collector.

23.     The Class consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from defendant's collection representatives failing to set forth that the message was from a debt collector similar to the messages left for the plaintiff (b) the messages were left concerning the seeking

-3-

payment of an alleged debt; and (c) that the messages contained violations of 15 U.S.C.
§§ 1692d(6), 1692e(10), 1692e(11) and 1692f.

24.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
        preferable in this case because:

(A) Based on the fact that telephone messages are at the heart of this litigation, the class is so
    numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions
    predominate over any questions affecting only individual class members.

(C) The only individual issue is the identification of the consumers who received the letters,
    (*i.e.* the class members), a matter capable of ministerial determination from the records
    of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the
    same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The
    plaintiff has retained counsel experienced in bringing class actions and collection-abuse
    claims. The plaintiff's interests are consistent with those of the members of the class.

25.     A class action is superior for the fair and efficient adjudication of the class members'
        claims. Congress specifically envisions class actions as a principal means of enforcing
        the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
        individuals, whose rights will not be vindicated in the absence of a class action.
        Prosecution of separate actions by individual members of the classes would create the
        risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.   Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

28.   The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

29.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.  Due to the pattern and consistency of the defendant's illegal collection activities, the defendant should be punished with the maximum statutory damages for the plaintiff and class.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate.

### AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

30. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

31. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating thirty-two (32) telephone calls to the plaintiff's wireless telephone number using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

32. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

33. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

34. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

35. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

36. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or

knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law.

(*Sengenberger v. Credit Control Services, Inc*., 2010 U.S. Dist. LEXIS 43874)

### Violations of the Telephone Communications Privacy Act

37. The actions of the defendant violate the TCPA.

38. Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 14, 2011

/s/
_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

/s/

_____

Adam J. Fishbein  (AF-9508)