UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHMUEL LOWENBEIN,<br><br>          Plaintiff,<br><br>v.<br><br>FIRST FINANCIAL ASSET MANAGEMENT, INC.,<br><br>          Defendant. | Case No. 11-CV-1489-SLT<br><br>**ANSWER** |

The defendant, First Financial Asset Management, Inc. ("FFAM") by and through the undersigned counsel, for its Amended Answer to the Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1. Admits that plaintiff purports to seek relief under the FDCPA and the Telephone Communications Privacy Act and otherwise denies the allegations of this Paragraph 1.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore leaves the plaintiff to his proof.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 3 and therefore leaves the plaintiff to his proof.

4. Admits.

5. Admits, but denies knowledge as to whether defendant so acted with respect to the plaintiff.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 6 and therefore leaves the plaintiff to his proof.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and therefore leaves the plaintiff to his proof.

8. Admits that venue is not disputed but otherwise denies the allegations of this Paragraph 8.

9. Admits the defendant left one or more telephone messages for the plaintiff and otherwise denies the allegations of this Paragraph 9.

10. Admits.

11. Admits.

12. Denies.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 13 and therefore leaves the plaintiff to his proof.

14. Denies.

15. This paragraph merely states a conclusion of law that does not require a response. To the extent a response is required, defendant denies that this paragraph accurately or completely sets forth governing law.

16. Denies.

17. Denies.

18. This paragraph merely states a conclusion of law that does not require a response. To the extent a response is required, defendant denies that this paragraph accurately or completely sets forth governing law.

19. Denies.

20. Defendant repeats and realleges the answers to Paragraphs 1 through 19 of the Complaint as its answers to this Paragraph 20 as though fully set forth herein.

21. Admits that plaintiff purports to bring this action on behalf of a class but denies that class treatment is appropriate.

22. Admits that this paragraph purports to define a class but denies that the class definition is adequate or appropriate or that class treatment is warranted.

23. Admits that this paragraph purports to define a class but denies that the class definition is adequate or appropriate or that class treatment is warranted.

24. Denies.

25. Denies.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 26 and therefore leaves the plaintiff to his proof.

27. This paragraph merely states a conclusion of law that does not require a response. To the extent a response is required, defendant denies that this paragraph accurately or completely sets forth governing law.

28. Denies.

29. Denies.

30. Defendant repeats and realleges the answers to Paragraphs 1 through 29 of the Complaint as its answers to this Paragraph 30 as though fully set forth herein.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

### First Affirmative Defense

The plaintiff's claims are barred, in whole or in part, due to the plaintiff's failure to state a claim.

### Second Affirmative Defense

Plaintiff's action is barred to the extent that it was commenced after the running of any applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that any violation of the Fair Debt Collection Practices Act or the Telephone Consumer Protection Act by defendant, which defendant denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## Fourth Affirmative Defense

Upon information and belief, Plaintiff failed to mitigate his damages.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

August 1, 2011                DEFENDANT
                              FIRST FINANCIAL ASSET MANAGEMENT, INC.

                              By: _____/s/_____
                                  Jonathan D. Elliot

                                  Zeldes, Needle & Cooper, P.C.
                                  1000 Lafayette Blvd., Suite 500
                                  Bridgeport, CT 06604
                                  Tel: 203-333-9441
                                  Fax: 203-333-1489
                                  Email: jelliot@znclaw.com

                              Its Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.


                                                               /s/
                                           Jonathan D. Elliot